IN THE MATTER OF THE APPLICATION OF PANG HIN MOW for a Writ of *Habeas Corpus* for PANG KUN.

October 17, 1904.

*Immigration. Jurisdiction.* The federal courts have no authority to review the decisions of immigration officers acting under the statute relating to the admission of aliens.

Such courts may, however, investigate the action of such officers and may interfere therein if such action is inconsistent with law and constitutional principles.

*Habeas Corpus*:

Thompson & Clemons, Counsel for Petitioner.

J. J. Dunne, Ass't. U. S. District Attorney, for Respondent.

DOLE, J.    This is a petition for a writ of *habeas corpus* in behalf of Pang Kun, alleged to be the minor child of the petitioner, Pang Hin Mow, who alleges that the petitioner is a resident of the Territory of Hawaii; that he has been a resident of the Territory of Hawaii for the past twenty-one years, and that he is a merchant engaged in business in Honolulu, in said Territory, under the store name of Hop Wo Chun; that the said Pang Kun was born in China on the 26th day of April, 1885, and that on or about the 25th day of June, 1903, he left the Territory of Hawaii for China, returning therefrom in August, 1904, and upon arrival at Honolulu was detained by the United States Immigration Inspector in Charge at Honolulu, who denied him the right to land and still retains him in confinement at the Immigration Detention Station; that the said Pang Kun duly appealed from the decision of the immigration inspector, refusing his right to land, to the Department of Commerce and Labor of the United States, which dismissed his appeal and denied his request for a rehearing; and he further alleges that the said Pang Kun is not in the classes ex-

cluded by statute from entering the United States on the grounds of mental aberation, pauperism, disease, or on account of having been convicted of certain criminal offenses, or whose passage has been paid with the money of another, except that he was assisted by his father to make such passage; and claims that the said Pang Kun is entitled to land in the said Territory as being the petitioner's minor son. The Assistant United States Attorney, Mr. Dunne, filed a demurrer to the petition on the grounds generally, that this court has no jurisdiction in this case upon the allegations stated in the petition.

It is well settled by repeated decisions that the federal courts have no authority to review the decisions of immigration officers made under authority of the statute affecting the right of aliens to enter the country. *Nishimura Ekiu v. United States,* 142 U. S. 651, 660 (1891); *Lem Moon Sing v. United States,* 158 U. S. 538, 549-550 (1895); *Fok Yung Yo v. United States,* 185 U. S. 296, 305 (1902).

Under these cases, the immigration officer at the port of Honolulu was given constitutional authority by such statute to determine the question of the right of Pang Kun to enter the country subject to his right of appeal to the Department of Commerce and Labor. He has decided the question against such right. The said Pang Kun has had his appeal to the Department of Commerce and Labor, and the decision of the immigration officer has been confirmed, and such decision is made final by the statute. Unless it should appear that Pang Kun was deprived of a hearing under the statutes referred to, or that the immigration officers had in some way failed to conform thereto, so that the question had arisen in the case whether he had received the benefit of due process of law in the trial of his claim that he had a right to enter the country, this court has no jurisdiction to interfere. The allegations in the petition do not show any reason for interference on such grounds. The petitioner, under allegations which show that his son is an alien, claims that he has a right to enter the country as his minor child, he being a merchant resident in this country. This ques-

13—U. S. D.

tion has been disposed of by legal authority and such disposition is made final by the statute.

I find no basis in the facts alleged in the petition for interference; the demurrer is therefore allowed and the petition dismissed. The marshal is ordered to deliver the said Pang Kun to the respondent for such further proceedings as are required by law.